UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA AND JAMIE COPE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: CIV-15-1124-D |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| OXFORD LAW, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |
| ) | |

# COMPLAINT

JOSHUA AND JAMIE COPE ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OXFORD LAW, LLC ("Defendant"):

## INTRODUCTION

1.  Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiffs are natural persons residing in Okarche, Oklahoma 73762, at the time of the alleged harassment.

6. Plaintiffs are each a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at: 1100 Northbrook Drive, Suite 250, Trevose, Pennsylvania 19053.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiffs.

12. The alleged debt, a personal automobile loan, arose out of transactions which were primarily for personal, family, or household purposes.

13. Beginning in or around November 2014, and continuing through January 2015, Defendant continuously and repeatedly contacted Plaintiffs on their cellular and work telephones seeking and demanding payment of an alleged debt.

14. On more than one occasion, Plaintiffs told Defendant to stop calling them; however, Defendant failed to update its records to restrict calls to Plaintiffs' telephones.

15. Rather, Defendant continued to call Plaintiffs knowing that they did not want to be contacted on their cellular or work telephones.

16. In addition, in its communications with Plaintiffs, Defendant told them that if they did not pay the alleged debt then Defendant would contact the police and refer the claim to the District Attorney's Office.

17. Non-payment of a debt is not a criminal offense, and Defendant did not intend to contact the police and/or refer the matter to the District Attorney's Office.

18. Rather, such statements were made to mislead and scare Plaintiffs.

19. Finally, upon information and belief, within five (5) days of its initial communication with Plaintiffs regarding the alleged debt, Defendant failed to send Plaintiffs information regarding their rights to dispute the debt and/or request verification of the debt.

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the

FDCPA by continuing to call Plaintiffs on their cellular and work telephones after being told to stop calling.

## COUNT II

a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates § 1692e(7) of the FDCPA by falsely representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer.

d. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e. Here, Defendant violated §§ 1692e, 1692(5), 1692(7) and 1692e(10) of the FDCPA when it threatened to report Plaintiffs to the District Attorney's Office and implied that it would take legal action against Plaintiffs, when it did not intend to take the

action it threatened and did not have the legal authority to take the threatened action.

### COUNT III

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to restrict calls to Plaintiffs' cellular and work telephones.

### COUNT IV

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the

        debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.   Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiffs, advising Plaintiffs of their rights to dispute the debt or request verification of the debt or providing them with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, JOSHUA and JAMIE COPE, respectfully pray for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, JOSHUA and JAMIE COPE, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: October 8, 2015  KIMMEL & SILVERMAN, P.C.

By: */s/ Tara L. Patterson*
Tara L. Patterson
PA Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 103
Fax: (877) 788-2864
Email: tpatterson@creditlaw.com